## STANDARD INS. CO. v. WISTING.

### No. 12330.

United States Court of Appeals
Ninth Circuit.

March 24, 1950.

---

Winfree, McCulloch, Shuler & Sayre, Portland, Or., for appellant.

David Sandeberg and Bardi G. Skulason, Portland, Or., for appellee.

Before BONE, Circuit Judge, and GOODMAN and MATHES, District Judges.

BONE, Circuit Judge.

The insured paid premiums on a $5,000 life insurance policy for nineteen years. The premium which fell due two months before his death was not paid when due nor within the 30 day period of grace. It is conceded by both parties that if the interest on the insured's policy loan[1] be accrued from day to day for the purpose of determining the "existing indebtedness hereon, with interest" (under the provisions of the automatic premium loan clause), then the loan value was insufficient to carry the policy up to the date of death, but if such interest be not so accrued and included then the loan value would be sufficient to carry the policy a few days past the death of the insured. It is also conceded that under the provisions of the policy loan agreement, interest on the loan was not due until four months subsequent to the date of the insured's death.

The trial court held that appellant could not charge the interest on the loan against the policy before it (the interest) became due, and entered judgment for plaintiff, the widow of the insured, who was the beneficiary under the policy.

Neither party has been able to discover Oregon statutory or case authority to support its contentions and none of the cases (cited in the briefs) from other jurisdictions appears to have dealt with this precise point. Appellant's cited cases construed extended coverage clauses while appellee's cases concerned non-forfeiture clauses. We must attempt to determine what the Supreme Court of Oregon would hold if confronted with the controversy before us.

Appellant contends that for the purpose of determining the loan value under the automatic premium loan clause, the term "existing indebtedness hereon, with interest," includes interest on the loan, accrued or computed from day to day, even though that interest is not yet due and payable. Appellee interprets the quoted phrase to include only interest which is due and payable. We think that both of these conflicting interpretations are reasonable, and conclude that the Oregon Supreme Court would interpret the ambiguous provision of the policy in favor of the insured, as did the trial court. Jaloff v. United Auto Indemnity Exchange, 120 Ore. 381, 393, 250 P. 717, 721.

Judgment affirmed.

1. The insured had borrowed from appellant substantially the entire loan value of the policy.